IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PACIFIC LIFE INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>CNB BANK AND TRUST, N.A., as Trustee of the Joseph E. Mash Revocable Living Trust dated February 25, 1988, as amended and restated under the Third Amendment and Restatement dated August 12, 2010,<br><br>200 E. Homer Adams Parkway<br>Alton, IL  62002<br><br>and<br><br>LESLI A. MASH,<br><br>3215 S. Spring Ave.<br>St. Louis, MO  63116<br><br>    Defendants. | Case No. |

## COMPLAINT
(Interpleader Under Fed. R. Civ. P. 22(a)(1))

Comes now Pacific Life Insurance Company ("Pacific Life") and states as follows for its Complaint:

## INTRODUCTION

1.    This is an action in interpleader, pursuant to Fed. R. Civ. P. 22(a)(1), brought in this Court under the federal diversity jurisdiction statute, 28 U.S.C. § 1332, to determine which of two parties, who have asserted conflicting claims, is entitled to the proceeds of two life insurance policies issued by Pacific Life.  Plaintiff Pacific Life is a disinterested stakeholder. Pacific Life requests permission to deposit the proceeds of the policies into the registry of the

SL 1592002.3

Court pursuant to L.R. 67-13.04(A), and that it be discharged from the action, with it being awarded, out of the policy proceeds, its reasonable attorney's fees and costs incurred in bringing this action.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff Pacific Life is a corporation organized under the laws of the State of Nebraska with its principal place of business in California.

3. Defendant CNB Bank and Trust, N.A. ("CNB") is the current Trustee of the Joseph E. Mash Revocable Living Trust dated February 25, 1988, as amended and restated under the Third Amendment and Restatement dated August 12, 2010 (the "Joseph Trust"). CNB is sued in its capacity as Trustee of the Joseph Trust.

4. The Joseph Trust was established by Joseph E. Mash ("Joseph"), as Grantor, in Missouri, while he was a resident of Missouri.

5. Joseph died on December 15, 2014, while a resident of St. Louis County, Missouri.

6. Upon information and belief, CNB is a national banking association with its principal place of business in the State of Illinois. This Court may exercise personal jurisdiction over CNB because CNB serves as Trustee of a trust established and administered in Missouri; maintains an office in this district and thus is doing business in Missouri; has transacted business in Missouri in connection with the Joseph Trust; and has voluntarily appeared in Missouri state court in connection with the Estate of Joseph E. Mash, Deceased, having filed a Petition requesting that Letters of Administration in that Estate be issued to CNB. *In re Estate of Joseph E. Mash, Deceased*, Circuit Court of St. Louis County, Missouri, Probate Division, No. 15SL-PR01549.

7.	Defendant Lesli A. Mash ("Lesli") is, upon information and belief, an individual resident of the State of Missouri, and the former spouse of Joseph.

8.	This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.	Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), because this is a judicial district in which a substantial portion of the events or omissions giving rise to the claims occurred, Lesli is a resident of this district, CNB may be deemed to be a resident of this district and/or Lesli and CNB are each subject to personal jurisdiction in this district.

10.	Divisional venue is proper in this Court pursuant to L.R. 3-2.07(A)(1).

## PROPERTY AT ISSUE

11.	The property which is the subject of this interpleader action is the full proceeds of two life insurance policies issued by Pacific Life Insurance Company, insuring the life of Joseph, policy numbers XXXXXXX04-0 (the "04-0 Policy") and XXXXXXX73-0 (the "73-0 Policy" and, together with the 04-0 Policy, the "Policies").

12.	The face amount of the 04-0 Policy is $665,740.00, and the face amount of the 73-0 Policy is $350,000.00, for an aggregate of $1,015,740.00.

## CONFLICTING CLAIMS

13.	The Trust is the named beneficiary of the Policies. Joseph never directed Pacific Life to change the beneficiary on either or both of the Policies, or notified Pacific Life of any intent to do so.

14.	CNB, as Trustee of the Joseph Trust, has submitted a Life Insurance Claim Form to Pacific Life, in which it has made a claim for the Policy proceeds and requested that the proceeds be distributed to the Joseph Trust.

SL 1592002.3

15. Pacific Life also has received correspondence from counsel representing Lesli, stating that Lesli and Joseph were married in February, 1989, and divorced in February, 2014, and that she is the rightful owner and beneficiary of the Policies and entitled to distribution of the Policy proceeds.

16. The correspondence from Lesli's counsel states that under a Marital Separation Agreement entered into between Joseph and Lesli, and a Judgment of Dissolution of Marriage entered February 5, 2014, Joseph released and quitclaimed to her all of his right, title and interest in the Policies, the intent of which was to make her the owner and beneficiary of the Policies.

17. The foregoing conflicting claims render Pacific Life unable to determine with certainty how the Policy proceeds should be distributed.

## SOLE COUNT – INTERPLEADER

18. All preceding paragraphs are incorporated herein by reference.

19. Pacific Life is a disinterested stakeholder with respect to the Policy proceeds.

20. The claims of the competing claimants to the property at issue in this action are directly adverse to one another, in that any distribution of Policy proceeds to one diminishes the Policy proceeds payable to the other on a dollar-for-dollar basis.

21. Pacific Life is unsure as to which claimant is entitled to the proceeds of the Policies.

22. Pacific Life timely files this Complaint after receiving notice of the likelihood of multiple claims.

23. The property at issue exceeds $75,000.00 in value, exclusive of interest and costs.

24. Pacific Life is of diverse citizenship to all defendant parties.

25. Fed. R. Civ. P. 22 permits interpleader under the circumstances set forth in this Complaint.

26. Pacific Life is entitled to payment of its reasonable costs and attorney's fees out of the Policy proceeds as a disinterested stakeholder.

WHEREFORE Plaintiff Pacific Life Insurance Company respectfully requests that the Court: (a) permit Pacific Life to deposit the proceeds of the Policies into the registry of the Court pursuant to L.R. 67-13.04(A); (b) discharge Pacific Life from the lawsuit and relieve it from all claims to the proceeds of the Policies; (c) enjoin each defendant from filing suit in any other forum against Pacific Life relating to claims for the Policy proceeds; (d) award Pacific Life its reasonable costs and attorney's fees out of the Policy proceeds; and (e) grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

/s/ Gerald P. Greiman
Gerald P. Greiman, #26668MO
Ryan C. Hardy, #62926MO
1 N. Brentwood Blvd., Suite 1000
St. Louis, MO 63105
ggreiman@spencerfane.com
rhardy@spencerfane.com
Telephone: 314-863-7733
Facsimile: 314-862-4656

*Attorneys for Plaintiff*

SL 1592002.3